41686, 41687. HILL v. NEWMAN; and vice versa.

(325 SE2d 767)

Clarke, Justice.

This is a descent and distribution case. The issues involve the rights of an illegitimate child to the estate of the father and to the estate of a cousin on the father's side of the family. A side issue before the court is the implication by the trial court that a husband of an intestate's aunt may inherit from the niece.

The facts creating the issues are these. Emily Virginia West died intestate in 1972 leaving her aunt Lydia Littlejohn and her uncle Charlie Newman as her only heirs at law. Lydia died in 1974, and after Charlie died in 1982, his widow, the appellee, petitioned for letters of administration de bonis non. Claudia Hill made a claim as the illegitimate child of Charlie and therefore the cousin of Emily.

The probate court recognized that the Georgia law in 1972 provided that cousins inherit equally with uncles and aunts but denied Claudia's claim because there had been no adjudication of paternity prior to her father's death. In the interest of judicial economy, the court went on to make a determination of the heirs of Charlie and Lydia. The spouses of these persons were held to be their respective heirs at law.

The superior court expanded the order of the probate court to infer that Lydia's spouse is an heir at law of Lydia's niece Emily. The superior court found that the issue of Charlie's heirs was not before it and had not been properly before the probate court.

1. The question of the rights of inheritance of illegitimate children is difficult when viewed constitutionally, morally and practically. Both the legislature and this court have treated it in recent years. Before 1980, the Georgia statute dealing with the rights of inheritance by illegitimate children disallowed any inheritance from the father or other paternal kin. See former Code Ann. § 113-904. Since 1980, illegitimate children may inherit from the father and paternal kin, but only if paternity has been adjudicated during the father's lifetime. OCGA § 53-4-4. Interestingly enough, the claims in this case fall under each of the statutes. Claudia claims an interest in Emily's estate as a cousin in 1972. She claims an interest in Charlie's estate as an illegitimate daughter in 1982.

Claudia's claim to Emily's estate is directly controlled by our holding in *Poulos v. McMahan*, 250 Ga. 354 (297 SE2d 451) (1982). We held the pre-1980 statute to be unconstitutional. The rationale behind this holding was that the statute was unconstitutional not because it excluded all illegitimate children but rather because it excluded significant categories of illegitimates whose inheritance rights could be recognized without jeopardizing the orderly administration of estates. We said further, "[t]he plaintiff here does not fit within such a category, because there could have been but was not an adjudication of paternity during the decedent's lifetime. Since there was no such adjudication, we hold that the plaintiff has no inheritance rights here notwithstanding any unconstitutionality in Georgia's pre-1980 statutory intestacy scheme as it related to the rights of illegitimate children to inherit from their fathers." *Poulos v. McMahan*, supra at 364. The facts in this case as to Claudia's right to an interest in Emily's estate fit the holding in *Poulos*.

2. Concern has been expressed that the superior court order indicates that the husband of the intestate's aunt, although not a blood relative, shares in the estate. We hold that the term "uncle" as used in former Code Ann. § 113-903 is limited to those persons who have a common ancestor with the niece or nephew. To the extent that the order determines James Clay Littlejohn to be an heir of the intestate Emily Virginia West, it is reversed. The question of whether James Clay Littlejohn is the sole successor to the share of his wife Lydia is not before us. Likewise the question of whether Claudia Hill succeeds to Charlie Newman's share of the intestate's estate is not before us and we find no error in the superior court's refusing to address this issue.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I dissent for the reasons expressed in my dissent to *Poulos v. McMahan*, 250 Ga. 354, 365 (297 SE2d 451) (1982).

DECIDED FEBRUARY 20, 1985 —
REHEARINGS DENIED MARCH 5, 1985.

*Daryl G. LeCroy*, for appellant.
*Henry L. DeGive*, for appellee.