### 43342. GRAHAM v. YOUNGBLOOD.
(345 SE2d 593)

HUNT, Justice.

Ernest Youngblood died intestate on November 28, 1978. He was survived by his widow, Sue Youngblood, who was tried for and acquitted of his murder. Claiming that she was Ernest Youngblood's natural daughter, Evelyn Graham filed for letters of administration. Her application was granted. Sue Youngblood appealed to superior court and moved for summary judgment on the ground that as the surviving spouse she was entitled to be appointed administratrix. OCGA § 53-6-24 (a). The superior court remanded the case to probate court for an evidentiary determination of whether Sue Youngblood was Ernest's lawful wife at the time of his death, and if so whether she was disqualified as administratrix by virtue of being currently incarcerated, or unable to inherit from Ernest by virtue of having killed him with malice aforethought.

On remand, the parties stipulated that Sue Youngblood was Ernest Youngblood's wife at the time of his death and that Evelyn was not legitimated by court order during Ernest's lifetime. The probate court reversed its earlier determination that there was sufficient evidence that Evelyn was Ernest's natural daughter to allow her to be appointed administratrix and found that she was not his natural

daughter. The probate court also ruled that Evelyn had failed to prove that Sue had killed Ernest with malice aforethought. Sue, therefore, could inherit from Ernest. OCGA § 53-4-6 (a). On appeal, the superior court ruled that even assuming Evelyn was the natural daughter of Ernest, she was illegitimate and thus was not entitled to a share of his estate. The court also ruled against Evelyn's contention that former Code Ann. § 113-904 was unconstitutional as applied to a case such as hers where there was no adjudication of paternity during the father's lifetime. Evelyn Graham appeals.

Evelyn Graham does not argue on appeal that she is the legitimate daughter of Ernest Youngblood.[1] Rather she argues that Georgia's pre-1980 intestacy statute was unconstitutional in its treatment of the paternal inheritance rights of illegitimate children, and that the remedy is to extend inheritance rights to all illegitimate children. As the trial court ruled, however, this contention has twice been rejected by this court. *Poulos v. McMahan*, 250 Ga. 354 (297 SE2d 451) (1982); *Hill v. Newman*, 254 Ga. 57 (325 SE2d 767) (1985). Those cases hold that the pre-1980 statutory scheme was constitutional as applied to illegitimate children who could have but had not obtained a determination of paternity during the father's lifetime. As we stated in *Hill v. Newman*, 254 Ga. at 57, "[t]he question of the rights of inheritance of illegitimate children is difficult when viewed constitutionally, morally and practically." Nonetheless, this particular question has been resolved. We adhere to the opinions in *Poulos v. McMahan*, supra, and *Hill v. Newman*, supra.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., who dissent.*

WELTNER, Justice, dissenting.

I dissent upon the same considerations as set out in my dissent in *Poulos v. McMahan*, 250 Ga. 354 (297 SE2d 451) (1985).

DECIDED JULY 16, 1986.

*A. G. Wells, Jr.*, for appellant.
*James C. Nobles, Jr., Charles M. Jones*, for appellee.

---

[1] Pretermitting the question of retroactivity, we note that the facts here are not sufficient to support a claim of virtual legitimation under *Prince v. Black*, 256 Ga. 79 (344 SE2d 411) (1986).